**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Daniel Alexander Lizarralde Castro,<br><br>*Petitioner*,<br><br>v.<br><br>Luis Soto, *et al.*,<br><br>*Respondents*. | Civil Action No. 26-cv-01635 (KMW)<br><br>**ORDER** |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Daniel Alexander Lizarralde Castro ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention without bond (ECF No. 1); and

**WHEREAS**, Petitioner contends that Respondents are unlawfully detaining him without the possibility of bond pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b), under a recently announced enforcement policy that categorically denies bond eligibility to individuals charged as inadmissible under *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025) (ECF No. 1 at 2); and

**WHEREAS**, Petitioner argues that because he has resided continuously in the United States for over three years, was arrested in the interior, and has a long record of compliance with immigration authorities, he is properly subject to discretionary detention under 8 U.S.C. § 1226(a), and is therefore entitled to an individualized custody determination and a bond hearing (*id.* at 3—4); and

**WHEREAS**, Petitioner is a citizen of Colombia who entered the United States on or about

community or risk of flight, and the record reflects no criminal history, no arrests, and no history of noncompliance (*see* ECF Nos. 1, 4); and

**WHEREAS**, Respondents filed an Answer on February 27, 2026, citing authority which they acknowledge has been rejected by several courts to reach the issue in this District[1] (ECF No. 4); and

**WHEREAS**, the Court resolves the Petition (ECF No. 1) on the existing record and the controlling statutory framework; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ___ F. Supp. 3d ___, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel*, 2025 WL 3218243

---

[1] *See, e.g., Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas*, No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025).

**IT IS,** on this 27th day of February 2026,

**ORDERED** that Petitioner's § 2241 Petition is **GRANTED**; and it is further

**ORDERED** that Respondents shall <u>**on this date**</u> **IMMEDIATELY RELEASE** Petitioner under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**KAREN M. WILLIAMS**
United States District Judge